# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**588**
**CA 15-01686**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF THE APPLICATION FOR DISCHARGE
OF JOHN SUGGS, CONSECUTIVE NO. 29671, FROM
CENTRAL NEW YORK PSYCHIATRIC CENTER PURSUANT TO
MENTAL HYGIENE LAW SECTION 10.09,
PETITIONER-RESPONDENT,

V                                    MEMORANDUM AND ORDER

STATE OF NEW YORK, NEW YORK STATE OFFICE OF
MENTAL HEALTH AND NEW YORK STATE DEPARTMENT OF
CORRECTIONS AND COMMUNITY SUPERVISION,
RESPONDENTS-APPELLANTS.

---

ERIC T. SCHNEIDERMAN, ATTORNEY GENERAL, ALBANY (FREDERICK A. BRODIE OF
COUNSEL), FOR RESPONDENTS-APPELLANTS.

EMMETT J. CREAHAN, DIRECTOR, MENTAL HYGIENE LEGAL SERVICE, UTICA
(MEGAN E. DORR OF COUNSEL), FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Supreme Court, Oneida County (Joseph
E. Fahey, A.J.), entered October 2, 2015 in a proceeding pursuant to
Mental Hygiene Law article 10.  The order granted petitioner's motion
for a directed verdict during an annual review hearing, determining
that petitioner does not suffer from a mental abnormality and
directing his unconditional release from the custody of respondent New
York State Office of Mental Health.

It is hereby ORDERED that the order so appealed from is
unanimously reversed on the law without costs, the motion is denied,
and the matter is remitted to Supreme Court, Oneida County, for
further proceedings on the petition in accordance with the following
memorandum:  Respondents appeal from an order that granted
petitioner's motion for a directed verdict during an annual review
hearing pursuant to Mental Hygiene Law § 10.09 (d), determining that
petitioner does not suffer from a mental abnormality under Mental
Hygiene Law § 10.03 (i) and directing his unconditional discharge from
the custody of respondent New York State Office of Mental Health (*see*
§ 10.09 [h]).  We agree with respondents that Supreme Court erred in
granting the motion for a directed verdict.  We therefore reverse the
order, deny the motion and remit the matter to Supreme Court for
further proceedings on the petition.

Pursuant to the Mental Hygiene Law, a person is classified as a
dangerous sex offender requiring confinement if that person "suffer[s]

from a mental abnormality involving such a strong predisposition to commit sex offenses, and such an inability to control behavior, that the person is likely to be a danger to others and to commit sex offenses if not confined to a secure treatment facility" (§ 10.03 [e]).  The statute defines a mental abnormality as "a congenital or acquired condition, disease or disorder that affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense and that results in that person having serious difficulty in controlling such conduct" (§ 10.03 [i]).  "Section 10.03 (i)'s language 'congenital or acquired condition, disease or disorder' is not limited to solely sexual disorders . . . Rather, one may possess a 'condition, disease or disorder' that does not constitute a 'sexual disorder' but nonetheless 'affects the emotional, cognitive, or volitional capacity of a person in a manner that predisposes him or her to the commission of conduct constituting a sex offense' " (*Matter of State of New York v Dennis K.*, 27 NY3d 718, 743).

Here, the court relied on *Matter of State of New York v Donald DD.* (24 NY3d 174) in concluding that, while petitioner's antisocial personality disorder (ASPD) and psychopathic traits predisposed him to the commission of conduct constituting a sex offense, such disorder and traits, alone or in combination, are not sexual disorders and thus as a matter of law do not constitute a mental abnormality within the meaning of the Mental Hygiene Law.  We conclude, however, that the court erred in granting petitioner's motion for a directed verdict inasmuch as "*Donald DD.* did not engraft upon the 'condition, disease, or disorder' prong a requirement that the 'condition, disease or disorder' must constitute a 'sexual disorder' " (*Dennis K.*, 27 NY3d at 743).  Thus, upon "view[ing] the evidence in the light most favorable to the nonmoving part[ies]" (*Matter of Wright v State of New York*, 134 AD3d 1483, 1484), we conclude that the evidence presented by respondents in this case was sufficient to withstand petitioner's motion for a directed verdict.

Entered:  September 30, 2016                    Frances E. Cafarell
                                               Clerk of the Court